Filed 12/15/22 P. v. Bludworth CA3
Opinion following transfer from Supreme Court

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C091249 |
| Plaintiff and Respondent, | (Super. Ct. No. STK-CR-CNV-1998-0016792) |
| v. | |
| TIMOTHY LEE BLUDWORTH, | OPINION ON TRANSFER |
| Defendant and Appellant. | |

This case returns to us on transfer with directions from our Supreme Court.

A jury found defendant Timothy Lee Bludworth guilty of first degree murder and robbery in 1999. The jury also found true a robbery-murder special circumstance. Defendant petitioned the trial court for resentencing under former Penal Code section 1170.95,[1] based on changes made to the felony-murder rule by Senate Bill No. 1437

---

[1] Undesignated statutory references are to the Penal Code.

1

(2017-2018 Reg. Sess.), effective January 1, 2019 (Stats. 2018, ch. 1015, § 4) (Senate Bill No. 1437). The trial court denied defendant's petition, finding the record established defendant was ineligible for resentencing because the jury found the special circumstance true. On appeal, defendant argues the trial court erred in relying on the special circumstance finding to disqualify him from relief. We disagreed with defendant in our original opinion filed October 5, 2021, and affirmed the trial court's order.

Defendant petitioned our Supreme Court for review; that court has now directed us to reconsider the matter in light of *People v. Strong* (2022) 13 Cal.5th 698. Having done so, we agree with the parties that the trial court's order denying the petition must be reversed and the matter remanded for further proceedings consistent with this opinion.

BACKGROUND

We take the basic facts of defendant's case from our opinion in his original appeal. (*People v. Bludworth* (Oct. 31, 2001, C032613) [nonpub. opn.] (*Bludworth*).)[2]

Defendant knew the victim, a methamphetamine dealer, and on October 20, 1995, arranged a meeting at a grocery store for a methamphetamine sale. During the planned meeting, defendant's brother-in-law, Bertran Thompson, pulled out a gun and defendant took the victim's gun. When Thompson asked the victim for the methamphetamine, the victim replied that his girlfriend had it in her vehicle parked nearby and that he wanted to see the money first. Thompson then shot the victim several times. The victim died at the scene from the gunshot wounds. (*Bludworth, supra,* C032613.)

---

Effective June 20, 2022, section 1170.95 was renumbered as section 1172.6 without substantive change. (Stats. 2022, ch. 58, § 10.) We will refer to the section by its new numbering.

[2] On our own motion, we take judicial notice of this prior decision. (Evid. Code, § 452, subd. (d).) We provide this summary of facts from the prior opinion in defendant's direct appeal solely for context and do not rely on these facts for our analysis or disposition here. (See § 1172.6, subd. (d)(3).)

Based on that incident, the jury found defendant guilty of first degree murder (§§ 187, 189) and robbery (§ 211). As to the murder count, the jury found true the special circumstance allegation that the murder was committed during the commission or attempted commission of robbery. (§ 190.2, subd. (a)(17)(A).) The jury also found true the allegation that a principal was armed with a firearm in the commission of the felonies. (§ 12022, subd. (a).) Following a direct appeal, this court affirmed the judgment in October 2001. (*Bludworth, supra*, C032613.)

On January 17, 2019, defendant filed a petition in the superior court to vacate his first degree murder conviction under what is now section 1172.6, alleging he could not now be convicted of murder because of the changes made to sections 188 and 189. The petition alleged he was not the actual killer, did not aid or abet the murder with the intent to kill, and was not a major participant in the felony or act with reckless indifference to human life. The People opposed the petition.

Following a hearing on the petition, the trial court denied defendant relief, finding no prima facie showing of eligibility. The court reasoned that: "[Defendant] was convicted of first-degree murder. [¶] The People went forward on two theories: One being premeditation, the other felony murder aiding and abetting. [¶] The jury convicted [defendant]. They also found true the special circumstance pursuant to 190.2(a)(17)(A) that found that [defendant] was either one, the actual killer; two, with the intent to kill, aided, abetted, counseled, commanded, induced and solicited, requested or assisted the actual killer in the commission of the murder in the first degree; or three, was a major participant in robbery and acted with reckless indifference to human life as described in [] section 190.2[, subdivision] (d)."

Because we had affirmed the conviction, special circumstance finding, and sentence in *Bludworth*, rejecting defendant's challenge to the special circumstance finding *(Bludworth, supra*, C032613), the trial court concluded defendant had not established a prima facie case for relief.

3

Defendant filed a timely notice of appeal. As described above, we initially affirmed the order denying defendant's petition; we are now directed to reconsider in light of *Strong*.

DISCUSSION

Defendant originally argued the trial court erred by denying his petition for resentencing without issuing an order to show cause and conducting an evidentiary hearing. He argued then (and now) that the court erred in relying on the jury's special circumstance finding to establish he was a major participant who acted with reckless indifference to human life, given the postconviction clarification of the required analysis in *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522. In supplemental briefing, the People now agree. We agree with the parties.

The Legislature enacted Senate Bill No. 1437 in part because it determined that the change in law was " 'necessary to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' " (*People v. Superior Court (Gooden)* (2019) 42 Cal.App.5th 270, 275.) As relevant here, Senate Bill No. 1437 added what is now section 1172.6, which permits a person convicted of felony murder or murder under a natural and probable consequences theory to petition the sentencing court to vacate the murder conviction and resentence on any remaining counts if, among other things, the petitioner could not be convicted of first or second degree murder due to the changes in the law. (§ 1172.6, subd. (a).)

Section 190.2, subdivision (d) provides that in order for subdivision (a)(17) to apply, an aider and abettor must have been a "major participant" and have acted "with reckless indifference to human life." (§ 190.2, subd. (d); *Tapia v. Superior Court* (1991) 53 Cal.3d 282, 298.) Thus, on its face, a special circumstance finding satisfies the

4

requirements for accomplice murder liability even after Senate Bill No. 1437. (§ 189, subd. (e).)

Since the time of defendant's conviction, however, the Supreme Court has refined the liability analysis in *Banks* and *Clark* and "construed section 190.2, subdivision (d) in a significantly different, and narrower manner than courts had previously construed the statute." (*People v. Torres* (2020) 46 Cal.App.5th 1168, 1179.)

After we rejected defendant's claims in our previous opinion, our Supreme Court concluded: "Findings issued by a jury before *Banks* and *Clark* do not preclude a defendant from making out a prima facie case for relief under Senate Bill 1437. This is true even if the trial evidence would have been sufficient to support the findings under *Banks* and *Clark*." (*People v. Strong, supra*, 13 Cal.5th at p. 710.) Here, the trial court found that the jury's pre-*Banks* and *Clark* findings precluded defendant from establishing a prima facie case for relief. Because this conclusion does not survive *Strong*, we will reverse the trial court's order and remand for further proceedings consistent with this opinion.

## DISPOSITION

The order denying defendant's petition is reversed, and the cause is remanded with directions to conduct further proceedings consistent with this opinion.

_____/s/_____
Duarte, J.

We concur:

_____/s/_____
Hull, Acting P. J.

_____/s/_____
Renner, J.